Favian Valencia, WSBA #43802
Sunlight Law, PLLC
402 E. Yakima Ave., Ste. 730
Yakima, WA 98902
Telephone: (509)388-0231

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT RICHLAND

| | |
|---|---|
| Ellena Sanchez,<br><br>                Plaintiff,<br><br>    v.<br><br>US Cellular, Inc. a for-profit corporation, USCC Services, LLC, a for-profit limited liability corporation, Darrell Philos and his community property, Tabatha McKay and her community property, and Erryn Anderson and her community property,<br><br>                Defendants. | NO. 20-5249<br><br>COMPLAINT FOR DAMAGES |

Plaintiff by and through her undersigned attorney of record, alleges as follows:

## I. PARTIES

1.     Plaintiff is and, at all times relevant hereto, was a resident of Benton County, Washington.

2. Defendants, US Cellular and USCC Services, LLC (collectively "Defendant US Cellular") are and, at all times relevant hereto, were a for-profit corporation and limited liability corporation, respectively, doing business and having an office for the transaction of business in Benton County, Washington,

3. Defendant, Darrell Philos ("Defendant Darrell) was, by information and belief, and at all times relevant hereto, is a resident of Tulsa County, Oklahoma.

4. Defendant, Tabatha McKay ("Defendant Tabatha") was, by information and belief, and at all times relevant hereto, is a resident of Wisconsin.

5. Defendant, Erryn Anderson ("Defendant Erryn") was, by information and belief, and at all times relevant hereto, is a resident of Jackson County, Oregon.

## II. JURISDICTION AND VENUE

6. This action is properly brought before the Unites States District Court for the Eastern District of Washington at Richland pursuant to 28 U.S. C. §1332(a) on the basis of diversity of citizenship and on the basis that the amount in controversy exceeds the jurisdictional amount of $75,000 as provided therein, and is between Plaintiff, who resided and currently resides in Benton County, and Defendants, who reside in states other than Washington.

7.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claims occurred at Richland, Washington.

8.  This Court has jurisdiction over this matter because Defendant USCC resides, transacts business and has an office for the transaction of business in King county and as such this Court has jurisdiction over the subject matter and the parties involved and is the proper venue for this proceeding pursuant to RCW 4.12.025 and LCR 82.

### III. FACTUAL ALLEGATIONS

9.  Plaintiff began working for Defendants in 2007 as a retail wireless salesperson and worked her way up to a retail area sales manager.

10. Plaintiff is a Mexican-American female.

11. Plaintiff did satisfactory work during her employment and was qualified to do every position that she held with Defendants.

12. Defendants Darrell, Erryn and Tabatha were Plaintiffs supervisors with authority to affect her work conditions, including, but not limited to, work hours, pay rates and termination.

13. Plaintiff suffered from medical conditions that constitute a disability as defined in Washington Law Against Discrimination ("WLAD"), RCW 49.60, et. seq.

14. Plaintiff's medical conditions were chronic and required her to obtain medical treatment from her physicians, at least, twice a year.

15. Despite Plaintiff's medical conditions and disabilities, she was able to, and did, perform the essential duties of her job with accommodations.

16. Since on, or about February until May of 2020, Defendants initially allowed Plaintiff Family Medical Leave Act ("FMLA") leave and intermittent leave based on her doctor's recommendations.

17. Since on, or about February until May of 2020, Defendants initially allowed Plaintiff accommodations for her disability in the form rest breaks throughout the day and a consistent lunch break so she could have meals throughout the day.

18. Plaintiff gave written and oral notice to defendants of her disability and serious health conditions and her need for accommodations.

19. Beginning on, or about, May 2020, Defendants required Plaintiff to work through the day without breaks even after plaintiff gave notice of her need for accommodations.

20. By not respecting Plaintiffs restrictions, Defendants exacerbated and worsened her medical conditions.

21. Plaintiff reported to Tabatha that Defendant Darrell was not respecting her accommodations and that he made negative comments about Plaintiffs restrictions and requests for accommodations.

22. Defendants failed to engage in the interactive process to provide appropriate accommodations to Plaintiff for her disabilities.

23. Defendant Darrell made racist offensive comments towards plaintiff when referring to Mexican-Americans employees.

24. On or about July of 2020, Plaintiff reported racist comments to Defendant US Cellular, Defendant Erryn and Defendant Tabatha.

25. Defendants failed to take any action regarding the reported racist comments.

26. On or about July 2020, Plaintiff refused to agree to terminate employees based on what she believed were illegal, false and fraudulently-induced terminations and agreements by Darryl. Plaintiff reported this activity to Defendant Tabatha and Defendant Erryn.

27. Defendants terminated Plaintiff on July 30, 2020.

28. Defendants gave more favorable treatment to employees who did not have disabilities, did not have a serious health condition, did not request protected time off from work, were not Mexican- American, and did not make complaints of racial discrimination, which included, but is not limited to, not being terminated.

29. Plaintiff's disability, FMLA requests, accommodations requests, race, complaints of illegal activity and complaints of racial discrimination were a substantial factor in Defendants' decision to terminate Plaintiff.

30. Plaintiff's race and her complaints of racial discrimination were also a motivating factor in Defendants' decision to terminate Plaintiff.

31. In any given year, including the year immediately preceding her termination, Plaintiff worked for Defendants at least 1,250 hours.

32. Plaintiff was employed at Defendant's worksite that had over fifty (50) employees within a 75-mile radius and each of these employees worked for each working day during 20 or more calendar workweeks in the current or preceding year.

33. Defendants are covered employers for the purposes of WLAD and FMLA.

34. Since Plaintiff started working for Defendants, she has been an employee covered and eligible for benefits under the and WLAD and FMLA.

## IV. CAUSES OF ACTION

35. The foregoing paragraphs are realleged and incorporated by reference hereinafter in each cause of action that follows.

## COUNT ONE
**Violation of Federal and Washington State Law Against Discrimination**

36. Defendant violated the Washington Law Against Discrimination ("WLAD"), RCW 49.60, et. seq., by undertaking adverse employment actions, creating a hostile work environment, retaliating against Plaintiff, and ultimately terminating her.

37. Plaintiff was doing satisfactory work, but was targeted due to her disability, accommodation requests, race and her complaints of racial discrimination. Defendants also failed to engage in the interactive process and failed to provide adequate accommodations.

## COUNT TWO
**Violation of Family Medical Leave Act**

38. Defendants willfully, or with reckless disregard, violated the FMLA by retaliating, interfering and/or denying Plaintiff statutorily-protected benefits, including but not limited to:

39. Failing to provide Plaintiff with proper notices of her eligibility for protected leave and the procedures to request the leave;

40. Not allowing Plaintiff to take protected leave to take care of her serious health condition and interfering with her right to take protected leave;

41. Retaliating against Plaintiff for taking medical leave; and/or

42. Terminating Plaintiff for requesting and/or taking protected leave.

## COUNT THREE
### Wrongful Termination in Violation of Public Policy

43. Defendants wrongfully terminated Plaintiff in violation of public policy by retaliating against Plaintiff and terminating her for race, making complaints of racial discrimination, making complaints of illegal activity, and taking protected medical leave and for requiring medical accommodations.

## COUNT FOUR
### Failure to Accommodate

44. Defendants violated Washington State Law against discrimination by failing to accommodate Plaintiff's medical conditions and disabilities and firing her for needing and requesting accommodations.

## COUNT FIVE
### Intentional infliction of physical injury and aggravation pursuant to *Goodman v. Boeing Co.,* 127 Wn.2d 401, 899 P.2d 1265 (1995), *amended* (Sept. 26, 1995)

45. Defendants made Plaintiff perform work that went directly against her physicians' orders and went beyond her physical limitations despite Plaintiff's requests for accommodations and time off. Defendants had direct knowledge of

Plaintiff's physicians' orders and Plaintiff's physical limitations. This work further injured and aggravated Plaintiff's medical condition and disabilities. Plaintiff was injured and/or worsened as a proximate cause of Defendants' actions in amounts to be proven at trial.

## COUNT SIX
### 42 U.S.C. § 1981 Race Discrimination

46.    Defendants discriminated and retaliated against Plaintiff in maintaining and keeping her contractual relationship with Defendants by terminating her because of her race and because of engaging in protected activity of reporting what she believed to be racial discrimination, which was designed to discourage Plaintiff and others from engaging in this protected activity.

## V. OTHER CLAIMS

47.    Plaintiff reserves the right to conduct discovery into alternative claims and additional defendants and to amend these charges as necessary.

## VI. PRAYER FOR RELIEF

48.    WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, in such amount as to be proven at trial, including but not limited to, economic and noneconomic damages suffered by Plaintiff, reasonable attorney fees, costs and expenses permitted by law for such other and further relief as the Court deems just, equitable and proper.

## VII. JURY DEMAND

49. A jury of 12 is demanded on all issues so triable.

DATED this ___28th__ day of December, 2020.

SUNLIGHT LAW, PLLC

_/s/Favian Valencia_____
Favian Valencia, WSBA #43802
Attorney for Plaintiff
402 E Yakima Avenue, Suite 730
Yakima, WA 98901
Phone: (509) 388-0231
Fax: (509) 388-0266
favian@sunlightlaw.com